UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE FIGUEROA,                                                              Case # 18 cv 1152 (JGK)

              Plaintiff,

  - against -

124 MACDOUGAL STREET ASSOCIATES, LLC,
MECHAEL AYALEW, and MESOB INC.,

              Defendants.
------------------------------------------------------------------X


**MEMORANDUM OF LAW
BY DEFENDANTS MECHAEL AYALEW AND MESOB INC.
IN SUPPORT OF MOTION TO COMPEL**


Law Offices of Jared M. Lefkowitz
1001 Avenue of the Americas, 11th Floor
New York, NY 10018
(212) 682-1440
JML@JMLefkowitzLaw.com
*Attorney for Defendants*
*MECHAEL AYALEW and MESOB INC.*

Defendants Mechael Ayalew and Mesob Inc. respectfully submit this memorandum detailing the circumstances of their motion to compel discovery.

PRELIMINARY STATEMENT

These defendants own and operate a small Ethiopian restaurant in the West Village. The restaurant's margins are small, and the legal fees and costs to defend themselves in this case has put them on the verge of closing operations and filing for bankruptcy. The legal fees incurred in having to make this motion exacerbate such financial hardship, and accordingly in addition to the substantive motion to compel we seek costs and reasonable attorneys fees because this motion should not have had to be made.

Defendants' financial hardship might not be sympathetic if defendants had in fact violated the ADA, but they have not. Even as a layperson, all one has to do is look at the photograph plaintiff attached to the complaint to see that it is architecturally impossible to alter the entranceway to the restaurant so as to allow wheelchair access. It is a steep staircase leading from the sidewalk of Macdougal Street directly down to the cellar level of the building (as depicted in Docket #1, page 16). Attached as Exhibit C is a letter to the City regarding these circumstances from defendants' architect and the impossibility of altering the premises to allow wheelchair access. These issues will be addressed in more detail on summary judgment should that become necessary.

ARGUMENT

A.     Plaintiff Did Not Respond to Defendants' Interrogatory Demand

Docket #71-3 (deemed Exhibit A hereto) is the demand, and there has been no response whatsoever.

The interrogatory demand does include items which are outside the scope of the permissible interrogatories pursuant to the Local Rules.[1]  However, as I mentioned in our telephone conference with the Court on October 17, 2018 that does not relieve plaintiff from the obligation to respond to those interrogatories which are permissible.

Specifically, the following interrogatories are permissible under Local Rule 33.3 in that they deal with "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents": 1, 2, 3, 7, 10, and 11.  We therefore seek responses to these interrogatories.

While some of the interrogatories posed were admittedly impermissible, the practice of responding to the validly posed interrogatories, and at the same time objecting to the impermissible ones, is basic to the practice of law.  This motion should not have needed to be made and we therefore ask the Court to award defendants costs and reasonable attorneys fees.

---

[1]The demand was not drafted by my office, but by former counsel.

B. Plaintiff Has Not Provided Initial Disclosures

This requires no detailed explanation. Plaintiff has not provided the required initial disclosures under Rule 26.

C. Plaintiff's Response to Our Document Demand Is Inadequate

First, I note that at the time of my letter to the Court dated October 1, 2018 seeking a discovery conference (Docket #71) we did not have any response at all to the document demand. Then, after I sent my letter to the Court and we were working on scheduling available dates for a telephone conference, on October 5, 2018 plaintiff's counsel suddenly produced a copy of a response which had supposedly been previously served on prior counsel. We therefore deal directly with that response for the purposes of this motion.

The demands and responses which we believe are inadequate and for which we seek to compel responses are as follows:

> 2. All documents concerning Plaintiff's medical conditions, medical treatments and examinations related to or mentioned Plaintiff's physical disability from 2015 to 2018.
>
> Response: Objection: Vague, overbroad and outside the scope of this lawsuit. Plaintiff objects to the Requests to the extent the Requests contained therein seek information that is personal and confidential. Plaintiff will produce any such information after execution of an appropriate stipulation.

We submit that such objection is invalid. This is an ADA case where the plaintiff alleges disability and documents relating to his medical condition and disability are therefore entirely relevant and discoverable. The demands were also appropriately tailored to go back only as far as 2015. While we have sought records directly from plaintiff's physician pursuant to a HIPAA release,

4

to the extent that the plaintiff already has such documents in his possession they must be produced.

* * *

> 4. All documents concerning the allegation that Defendants' removal of architectural barriers is readily achievable, as stated under paragraph 17 of the Complaint.
>
> Response: Plaintiff will rely upon documents produced by Defendants during the course of discovery and reserves the f supplement during the course of discovery exchanges.

This response is wholly inadequate. Plaintiff alleges in paragraph 17 of the complaint that "to date the architectural barriers, the removal of which is readily achievable, and other violations of the ADA still exist and have not been remedied or altered . . ." Either plaintiff has documents to back up that allegation or he does not and he should be required to say so.

* * *

> 10. All documents concerning any formal or informal complaint made by either Plaintiff in any federal, state and/or local judicial or administrative proceeding, or in any arbitral or other proceeding relating to this case or any previous ADA related cases filed within the past three years.
>
> Response: None.

This response is false. Plaintiff in this case, along with his counsel Mr. Finkelstein, are serial ADA complainants. In the most recent two years plaintiff has filed at least five ADA cases with Mr. Finkelstein as his counsel. See for example in the Southern District: Figueroa v. Whitmans Restaurant Group, 17cv06658 and Figueroa v. Encore 49, 18cv01337. In the Eastern District: Figueroa v. Russo, 17 cv 05722, Figueroa v. Fink, 17 cv 06112, and Figueroa v. Lynch, 17 cv 05640. The files should be extensive, no other objection was made to their production, and the statements made and positions taken by this plaintiff in other ADA cases are relevant and discoverable.

5

\* \* \*

    13. All documents identified in Plaintiff's Federal Rule of Civil Procedure 26 Initial Disclosures or that concern such disclosures.

    Response: This demand is vague and confusing and so as to prevent response

As indicated above, there has been no initial Rule 26 disclosure from plaintiff. We respectfully request that the Court order such disclosure and the disclosure of any documents referred to therein per this demand.

\* \* \*

    14. A copy of Plaintiff's current government issued I.D. showing Plaintiff's current home address.

    Response: To be provided at Plaintiff's deposition

Defendants are entitled to have it in advance in order to conduct whatever investigation we deem appropriate prior to and for use at plaintiff's deposition.

\* \* \*

    15. A copy of Plaintiff's Passport showing all entry and exit stamps for the past three (3) years.

    Response: Irrelevant, immaterial

We submit that plaintiff's ability to travel is directly relevant to the nature and extent of plaintiff's alleged disability.

\* \* \*

    17. A copy of Plaintiff's postings on the internet, including any postings or comments made on Facebook, Twitter, or any other internet site relating to this litigation and all current and previous ADA related cases where the Plaintiff was a party in the past three (3) years.

Response: Irrelevant, immaterial, no foundation

Prior statements made by plaintiff about this case or other ADA cases on social media are entirely relevant and discoverable.

* * *

23. All documents relating to Plaintiff as a recipient of Disability and Supplemental Security Income.

Response: Irrelevant, immaterial

These documents are clearly relevant to the nature and extent of plaintiff's disability.

## CONCLUSION

For the foregoing reasons, defendants' motion should be granted in all respects.

Dated: New York, NY
November 1, 2018

_____
JARED LEFKOWITZ